UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIUS MCFARLAND,

       Plaintiff,

          v.                                       Case No. 25-cv-0358-bbc

WAUKESHA COUNTY,
WAUKESHA POLICE DEPARTMENT, and
ETHAN SMITH,

       Defendants.

## SCREENING ORDER

Plaintiff Julius McFarland, who is currently serving a state prison sentence at the Oakhill Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McFarland's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

McFarland has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McFarland has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $46.31. McFarland's motion for leave to proceed without prepaying the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

According to McFarland, on August 4, 2024, a car that he was a passenger in was stopped by Officer Ethan Smith.  McFarland alleges that Smith "violated [his] constitutional rights by detaining [him] unlawfully seizing [his] person."  He also states that Smith "erroneously" searched the vehicle and did not read McFarland his Miranda rights when he arrested him.  McFarland asserts that Smith later falsely testified at his preliminary hearing that McFarland had admitted to possessing the contraband that was found in the vehicle.  According to McFarland, on January 28, 2025, just before or at trial, the charges against McFarland were dismissed after it was discovered that Smith's statements about what McFarland had said were untrue.  McFarland explains that, although the criminal charges were dismissed, he "was revoked for these allegations" and had to serve one year and four days in prison.  McFarland explains that he lost his job and has been unable to care for his mother and spend time with his daughters.  Dkt. No. 1.

**ANALYSIS**

McFarland fails to state a claim based on allegations that Smith improperly seized him in violation of the Fourth Amendment because he includes no factual content describing the circumstances of the stop and seizure. *Ashcroft v. Iqbal*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  Simply asserting that a stop and seizure was improper is a legal conclusion and therefore insufficient to state a claim.  To raise his right to relief above the speculative level, McFarland must describe what happened, what Smith did or did not do, and how Smith's actions impacted him.  Only with these details can the Court reasonably infer that Smith did what McFarland asserts he did.  Nor does McFarland state a claim based on allegations that Smith did not read him his *Miranda* rights when he arrested him.  As the

Supreme Court recently explained, a plaintiff may not sue a police officer under §1983 based on allegations that he was not properly Mirandized. *Vega v. Tekoh*, 597 U.S. 134 (2022).

Finally, a claim based on McFarland's allegations that his supervised release was improperly revoked based on Smith's false statements is barred by *Heck v. Humphrey*. When a plaintiff seeks damages in a §1983 action and judgment in his favor would "necessarily imply the invalidity of [his] conviction or sentence[,]" the complaint must be dismissed unless the plaintiff can show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, McFarland is suing for damages in connection with the time he has spent in prison following the allegedly improper revocation of his supervised release, which he asserts was based on Smith's false statements. Because a judgment in McFarland's favor would necessarily imply the invalidity of the revocation decision, *Heck* bars McFarland from pursuing such a claim unless he can show that the revocation decision has been reversed or set aside. *See Easterling v. Siarnicki*, 435 F. App'x 524 (7th Cir. 2011) (holding that *Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole). Because the revocation decision has not been reversed, McFarland cannot pursue a claim based on allegations that he was improperly revoked.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if McFarland believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **August 7, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original

complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A.  If an amended complaint is not received, the Court will dismiss this action based on McFarland's failure to state a claim in his original complaint.  If McFarland does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further.  The Court will enclose an amended complaint form along with this decision.  McFarland must use the form.  Civil L. R. 9(b).

**IT IS THEREFORE ORDERED** that McFarland's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 7, 2025**, McFarland may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail McFarland a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of McFarland shall collect from his institution trust account the $303.69 balance of the filing fee by collecting monthly payments from McFarland's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.  If McFarland is transferred to another institution, the transferring institution shall forward a copy of this Order along with McFarland's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where McFarland is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McFarland is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on July 16, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

6