UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIUS MCFARLAND,

        Plaintiff,

      v.                                  Case No. 25-cv-0358-bbc

WAUKESHA COUNTY,
WAUKESHA POLICE DEPARTMENT, and
ETHAN SMITH,

        Defendants.

## SCREENING ORDER

      Plaintiff Julius McFarland, who is currently serving a state prison sentence at the Oakhill Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 16, 2025, the Court screened the complaint and after concluding that McFarland failed to state a claim, gave McFarland the opportunity to file an amended complaint, which he did on August 1, 2025. This matter comes before the Court to screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Despite the Court informing McFarland in the screening order that the allegations in his original complaint were insufficient to state a claim, the allegations in his amended complaint are largely unchanged. According to McFarland, on August 4, 2024, a car that he was a passenger in was stopped by Officer Ethan Smith for an expired registration. McFarland alleges that Smith searched him and, although he found no illegal contraband "on [his] person, . . . wrongfully detained and transferred [him] to Waukesha County Jail."[1] McFarland explains that Smith falsely testified at a preliminary hearing that McFarland had admitted to possessing illegal contraband. He states that the charges against him were eventually dismissed, but by that time, the deadline to appeal the revocation decision had passed, so his supervised release was revoked. McFarland explains that he lost his job, has been unable to care for his mother, and has not been able to support his daughters. Dkt. No. 14.

## ANALYSIS

McFarland cannot proceed on a claim against Smith based on allegations that Smith falsely testified at the preliminary hearing because Smith is entitled to absolute immunity for his testimony at that hearing. *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995). And, as the Court explained

---

[1] In the original complaint, McFarland conceded that contraband was found in the vehicle. Dkt. No. 1 at 3.

in the original screening order, McFarland fails to state a claim against Smith based on allegations that Smith seized him in violation of the Fourth Amendment because he does not include sufficient factual content describing the circumstances of the seizure. *Ashcroft v. Iqbal*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). McFarland was on supervised release at the time of the stop, which was lawful given that the vehicle had an expired registration. The mere fact that contraband was not found on McFarland's person is insufficient for the Court to reasonably infer that Smith's seizure of McFarland violated the Fourth Amendment, particularly given McFarland's acknowledgment in the original complaint that contraband was found in the vehicle.

As the Court explained in the original screening order, to raise his right to relief above the speculative level, McFarland was required to describe what happened, what Smith did or did not do, and how Smith's actions impacted him. Only with sufficient factual details would the Court be able to reasonably infer that Smith did what McFarland asserts he did. McFarland once again did not include the required details for the Court to make that inference, so he fails to state a claim upon which relief could be granted.

Finally, as already explained, a claim based on McFarland's allegations that his supervised release was improperly revoked is barred by *Heck v. Humphrey*. When a plaintiff seeks damages in a §1983 action and judgment in his favor would "necessarily imply the invalidity of [his] conviction or sentence[,]" the complaint must be dismissed unless the plaintiff can show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87

3

(1994). Here, McFarland is suing for damages in connection with the time he has spent in prison following the allegedly improper revocation of his supervised release. Because a judgment in McFarland's favor would necessarily imply the invalidity of the revocation decision, *Heck* bars McFarland from pursuing such a claim unless he can show that the revocation decision has been reversed or set aside. *See Easterling v. Siarnicki*, 435 F. App'x 524 (7th Cir. 2011) (holding that *Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole). Because the revocation decision has not been reversed or set aside, McFarland cannot pursue a claim based on allegations that he was improperly revoked.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice because McFarland's claim based on the allegedly improper revocation of his supervised release is barred by *Heck v. Humphry*. In addition, McFarland fails to state a claim against Officer Smith based on his seizure of McFarland, and Officer Smith is entitled to absolute immunity for his testimony at McFarland's preliminary hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on August 14, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.